NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1300
_____

UNITED STATES OF AMERICA

v.

ALFONZO FORNEY, a/k/a Alfonso Forney


Alfonzo Forney,
                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-00501-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Filed: September 30, 2013)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Alfonzo Forney appeals the District Court's order revoking his supervised release and imposing a term of incarceration. We will affirm.

I

In 2011, Forney pleaded guilty to two counts of uttering counterfeit obligations, in violation of 18 U.S.C. § 472, after he passed counterfeit bills at three Atlantic City casinos, a Walgreens, and a Walmart. He was sentenced in the District of New Jersey to two concurrent terms of 24 months' imprisonment followed by three years of supervised release. Forney was released from prison on April 24, 2012, and was permitted to move to Brooklyn, New York to live with his mother and brother.

About a month later, Forney's brother filed a complaint with the New York City Police Department alleging that Forney had threatened him and was in possession of counterfeit currency. Forney's brother turned over thirty counterfeit $20 bills and a bleached, genuine $1 bill, telling the police that the bills had come from Forney's bedroom. Forney was arrested later that day by Officer Kevin DeLeon. Upon being told that he was being charged with threatening his brother and possessing counterfeit currency, Forney stated: "I wasn't found in possession of United States currency. You didn't find it on my person. My brother is the only [one] who could have said anything." App. 90, 97. Forney denied that he had recently made any counterfeit bills and claimed that the counterfeit currency given to the police by his brother came from a stash of

2

counterfeit money from his previous case that had never been recovered by the Secret Service or his probation officer. He also stated: "When I have money, I have money and when I don't, I mess around with the counterfeit." App. 92, 97. Forney was charged in state court with one count of menacing and harassment, and one count of forgery and possession of a forged instrument. The state charges were eventually adjourned in contemplation of dismissal.

Following Forney's arrest, the U.S. Probation Office filed a Violation of Supervised Release Report, alleging that Forney had violated his conditions of release by committing another federal, state, or local crime. The report listed two violations, one for each of the New York charges. Forney contested the violations.

The District Court held a revocation hearing on November 27, 2012. The Court heard from Officer DeLeon, who testified to the statements made by Forney after his arrest, and from U.S. Secret Service Agent Michael Thomas, who testified to his analysis of the counterfeit currency recovered in the case. At the conclusion of this testimony, the District Court dismissed the alleged violation for menacing and harassment, concluding that there was insufficient evidence to find that Forney had committed that crime.

The District Court reached the opposite conclusion, however, with regard to the forgery and possession of a forged instrument charges brought pursuant to N.Y. Penal Law §§ 170.20 and 170.30. The Court stated that a defendant commits a crime under these statutes "if, with knowledge that the instrument is forged and with intent to defraud,

3

deceive or injure another, he utters or possesses the forged instrument." App. 89. The Court had no trouble concluding that Forney's statements to Officer DeLeon established the possession and knowledge elements of the crime, but admitted that it "consider[ed] it a very close call" as to whether Forney had the requisite intent to defraud or deceive. App. 87. Nevertheless, the Court found convincing Forney's admission that he "mess[es] around with the counterfeit" when he has no money. The Court viewed that statement as "a sufficient admission or confession that this stash was used or kept by him for the purpose of using it when he needed it." App. 92. Accordingly, the District Court found that Forney had committed a Grade B violation of his supervised release.

As a consequence of his violation and criminal history, Forney's advisory United States Sentencing Guidelines range was 12 to 18 months' imprisonment. At sentencing, the District Court heard argument from the Government and defense counsel before determining that an 18-month sentence was appropriate. Because Forney was serving two concurrent terms of supervised release when the violation was committed, however, the District Court then considered whether it should run his sentences consecutively. Citing the "multiple and flagrant breaches of trust that began almost immediately upon [Forney's] release from imprisonment," App. 125, the District Court determined that consecutive 18-month sentences should be imposed, for a total term of 36 months' imprisonment. Forney timely appealed.

4

## II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 and was authorized to revoke Forney's supervised release by 18 U.S.C. § 3583(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Forney raises two issues on appeal. First, he contends that there was insufficient evidence for the District Court to conclude that he possessed counterfeit currency with the requisite *mens rea*. Next, he argues that the District Court's decision to impose consecutive sentences was unreasonable. We will address each argument in turn.

## III

Although he concedes that the possession and knowledge elements were satisfied, Forney argues that there was insufficient evidence to establish the intent element of N.Y. Penal Law § 170.30. The District Court was required to find by a preponderance of the evidence that Forney possessed counterfeit currency with the intent to defraud or deceive. *See* 18 U.S.C. § 3583(e)(3). We review for clear error. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).

The District Court concluded that Forney had the requisite intent based on his statement to the police: "When I have money, I have money, and when I don't, I mess around with the counterfeit." As the Court explained, this statement was a "sufficient admission or confession that this stash was used or kept by him for the purpose of using it when he needed it." App. 92. Additionally, as the Court noted at the sentencing hearing,

5

the two sets of serial numbers on the currency found in Forney's bedroom did not match any of the serial numbers of the counterfeit bills used in his prior crimes at the casinos, Walgreens, and Walmart, making it more likely than not that the counterfeit currency at issue here was from a new batch, and not, as Forney argues, merely left over from his prior crimes.

In support of his appeal, Forney identifies a contrary view of the evidence. But that is not enough to overcome the clear error standard of review, for when two or more views of the evidence are permissible, it necessarily follows that the district court's conclusion cannot leave us with "the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). So long as the "district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 574. Here, the District Court's conclusion that Forney's statement was sufficient evidence of intent to defraud or deceive is plausible in light of the record as a whole. Accordingly, we must affirm.

IV

Forney also argues that the District Court's decision to sentence him to two consecutive 18-month sentences was substantively unreasonable. We review this decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "[W]e

6

will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The District Court in this case determined that two within-Guidelines sentences of 18 months' imprisonment were appropriate in light of Forney's criminal history, his rejection of previous attempts at rehabilitation, and the short time period between his release from prison and his violation of supervised release. The Court also cited Forney's many instances of counterfeiting since his first arrest, despite being released on bail or on pretrial supervision. Given this history, the Court decided to impose the two 18-month sentences consecutively, which it had the discretion to do under our decision in *United States v. Dees*, 467 F.3d 847, 852 (3d Cir. 2006) (holding that 18 U.S.C. § 3584(a) permits a district court to impose consecutive terms of imprisonment upon revocation of concurrent terms of supervised release). The aforementioned considerations cited by the District Court are not unreasonable.

V

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.